UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 19-41364-bem |
| | ) | |
| ALICE DENISE RICH, | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## **OBJECTION TO CONFIRMATION**

COMES NOW Georgia United Credit Union (the "Credit Union") and files this Objection to Confirmation of the Debtor's Chapter 13 Plan, to be heard on August 21, 2019, at 9:30 a.m., in Rome, Georgia, and shows the Court as follows:

1.

The Credit Union is a secured creditor of Alicia Denise Rich (the "Debtor") and filed a claim in the amount of $29,083.25 (the "Claim") based on the Debtor's execution of a Closed-End Note, Disclosure, Loan and Security Agreement on January 16, 2019, which is secured by a valid, binding, and perfected first priority security interest in a 2017 Ford Edge, VIN 2FMPK3G9XHBC24641 (the "Vehicle"). The contract payments on the Vehicle are $565.59 per month and the contract interest rate is 5.54% per annum.

2.

The Debtor filed a petition for relief under 11 U.S.C. Chapter 13 on June 11, 2019.

4.

The Vehicle was purchased within 910 days of the petition and is not subject to valuation.

5.

A cram-down of the Claim denies the Credit Union the full values of its Claim and the Credit Union is not adequately protected.

6.

The Chapter 13 Plan is not feasible because the Claim cannot be paid out within the Plan term as required by 11 U.S.C. § 1325(a)(6).

7.

The Plan, as filed, provides for adequate protection and post-confirmation payments on the Vehicle of only $50.00 per month until February 2020. The Vehicle depreciates at a rate exceeding $50.00 per month and the depreciation rate will continue throughout the Plan term. Therefore, the Credit Union is not adequately protected.

8.

The Plan, as filed, provides for payments to the Trustee of $685.00 per month. Of this amount, the Debtor's attorney will receive $566.00 per month until fees of $4,000.00 are paid in full in approximately seven (7) months. Therefore, the attorneys' fees constitute approximately 83% of the first seven (7) plan payments while failing to adequately protect the Credit Union.

9.

The Debtor's living expenses on Schedule J appear to be inflated and are inconsistent with the Internal Revenue Service 2019 Allowable Living Expenses National Standards ("2017 Allowable Living Expenses"). The 2019 Allowable Living Expenses provide the following compared to the Debtors' Scheduled expenses:

| Category | 2019 Allowable Living Expenses Four People | Debtor's Scheduled Expenses |
|---|---|---|
| Housing and Utilities | $1,509.00 | $1961.00 (+452.00) |
| Food | $958.00 | $1,238.97 (+280.97) |

The Debtor should be contributing an additional $732.00 per month towards the Plan. Therefore,

it appears that the Debtor is not contributing all of her disposable income into the Plan in violation of 11 U.S.C. § 1325 (a)(3). A true and correct copy of the 2019 Allowable Expenses is attached hereto collectively as Exhibit "1" and it contents incorporated herein by reference.

10.

The Credit Union has not been provided with proof of full coverage, comprehensive and collision insurance on the Vehicle and is therefore not adequately protected.

WHEREFORE, the Credit Union prays that this objection be sustained, that the Chapter 13 Plan be denied confirmation, and that the Court grant such other and further relief as it deems just and proper.

This 24th day of July, 2019.

                                  Respectfully submitted,

                                  KAPLAN, BOGUE & COOPER, P.C.

                                /s/
                                Virginia B. Bogue, Georgia Bar No. 065695
                                5901 Peachtree Dunwoody Road
                                Suite 415-B
                                Atlanta, GA 30328
                                (678) 384-7016 telephone
                                *vbogue@kbclegal.com*
                                Attorneys for Georgia United Credit Union

# *Exhibit "1"*

## 2019 Allowable Living Expenses National Standards

| Expense | One Person | Two Persons | Three Persons | Four Persons |
|---|---|---|---|---|
| Food | $386 | $685 | $786 | $958 |
| Housekeeping supplies | $40 | $72 | $76 | $76 |
| Apparel & services | $88 | $159 | $169 | $243 |
| Personal care products & services | $43 | $70 | $76 | $91 |
| Miscellaneous | $170 | $302 | $339 | $418 |
| **Total** | **$727** | **$1,288** | **$1,446** | **$1,786** |

| More than four persons | Additional Persons Amount |
|---|---|
| For each additional person, add to four-person total allowance: | $420 |

2019 Allowable Living Expenses Housing Standards

| County | State Name | 2019 Published Housing and Utilities for a Family of 1 | 2019 Published Housing and Utilities for a Family of 2 | 2019 Published Housing and Utilities for a Family of 3 | 2019 Published Housing and Utilities for a Family of 4 | 2019 Published Housing and Utilities for a Family of 5 |
|---|---|---|---|---|---|---|
| Jasper County | Georgia | 1,192 | 1,400 | 1,475 | 1,645 | 1,671 |
| Jeff Davis County | Georgia | 965 | 1,133 | 1,194 | 1,331 | 1,353 |
| Jefferson County | Georgia | 1,077 | 1,265 | 1,333 | 1,486 | 1,510 |
| Jenkins County | Georgia | 1,004 | 1,179 | 1,242 | 1,385 | 1,407 |
| Johnson County | Georgia | 1,019 | 1,197 | 1,261 | 1,406 | 1,429 |
| Jones County | Georgia | 1,317 | 1,547 | 1,630 | 1,817 | 1,847 |
| Lamar County | Georgia | 1,260 | 1,479 | 1,559 | 1,738 | 1,766 |
| Lanier County | Georgia | 1,205 | 1,415 | 1,491 | 1,662 | 1,689 |
| Laurens County | Georgia | 1,167 | 1,370 | 1,444 | 1,610 | 1,636 |
| Lee County | Georgia | 1,335 | 1,568 | 1,652 | 1,842 | 1,872 |
| Liberty County | Georgia | 1,224 | 1,438 | 1,515 | 1,689 | 1,716 |
| Lincoln County | Georgia | 1,326 | 1,557 | 1,641 | 1,830 | 1,859 |
| Long County | Georgia | 1,235 | 1,450 | 1,528 | 1,704 | 1,731 |
| Lowndes County | Georgia | 1,217 | 1,429 | 1,506 | 1,679 | 1,706 |
| Lumpkin County | Georgia | 1,293 | 1,518 | 1,600 | 1,784 | 1,813 |
| McDuffie County | Georgia | 1,179 | 1,385 | 1,459 | 1,627 | 1,653 |
| McIntosh County | Georgia | 1,237 | 1,453 | 1,531 | 1,707 | 1,735 |
| Macon County | Georgia | 1,035 | 1,216 | 1,281 | 1,428 | 1,451 |
| Madison County | Georgia | 1,176 | 1,382 | 1,456 | 1,623 | 1,650 |
| Marion County | Georgia | 1,169 | 1,373 | 1,447 | 1,613 | 1,639 |
| Meriwether County | Georgia | 1,134 | 1,331 | 1,403 | 1,564 | 1,590 |
| Miller County | Georgia | 1,164 | 1,367 | 1,440 | 1,606 | 1,632 |
| Mitchell County | Georgia | 1,134 | 1,332 | 1,404 | 1,565 | 1,591 |
| Monroe County | Georgia | 1,295 | 1,521 | 1,603 | 1,787 | 1,816 |
| Montgomery County | Georgia | 1,040 | 1,221 | 1,287 | 1,435 | 1,458 |
| Morgan County | Georgia | 1,384 | 1,626 | 1,713 | 1,910 | 1,941 |
| ✱ Murray County | Georgia | 1,093 | 1,284 | 1,353 | 1,509 | 1,533 |
| Muscogee County | Georgia | 1,318 | 1,548 | 1,631 | 1,819 | 1,848 |
| Newton County | Georgia | 1,281 | 1,505 | 1,586 | 1,768 | 1,797 |
| Oconee County | Georgia | 1,639 | 1,926 | 2,029 | 2,262 | 2,299 |
| Oglethorpe County | Georgia | 1,210 | 1,422 | 1,498 | 1,670 | 1,697 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 19-41364-bem |
| | ) | |
| ALICE DENISE RICH, | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing *Objection to Confirmation* by placing a copy of same in the United States Mail with adequate postage affixed to insure delivery thereon to the following parties:

Alicia Denise Rich
469 Cotton Circle
Chatsworth, GA 30705-6303

Mary Ida Townson
Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave., NE
Atlanta, GA 30303

Dan Saeger
Saeger & Associates, LLC
Suite D
706 S. Thornton Avenue
Dalton, GA 30702

This 24th day of July, 2019.

Respectfully submitted,

KAPLAN, BOGUE & COOPER, P.C.

/s/ _____
Virginia B. Bogue, Georgia Bar No. 065695

{File: 00141050.DOCX / }